# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

TODD R., et al.,

    Plaintiffs,

 v.

PREMERA BLUE CROSS BLUE SHIELD OF ALASKA,

    Defendant.

CASE NO. C17-1041JLR

ORDER SCHEDULING ORAL ARGUMENT

  The court hereby SCHEDULES oral argument on the parties' motions found at docket numbers 33 and 37 for Wednesday, January 23, 2019, at 1:30 p.m. The court DIRECTS the parties to come prepared to discuss the following issues that the parties did not fully brief:

  1. Should the parties' motions be considered under Federal Rule of Civil Procedure 52 rather than Federal Rule of Civil Procedure 56? The Ninth Circuit has held that in an ERISA benefits case, where the court's review is for abuse of discretion,

summary judgment is the proper "conduit to bring the legal question before the district court." *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999), *overruled on other grounds by Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (*en banc*). However, where, like here, the standard of review is *de novo*,[1] the Ninth Circuit has not definitively identified the appropriate vehicle for resolving an ERISA benefits claim. *See Bunger v. Unum Life Ins. Co. of Am.*, 196 F. Supp. 3d 1175, 1177 (W.D. Wash. 2016). In considering this issue, the court DIRECTS counsel to consider the following authority: *Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir. 1994) (ruling that on de novo review of an ERISA benefits claim, the "appropriate proceeding[] . . . is a bench trial and not the disposition of a summary judgment motion"); *Rabbat v. Standard Ins. Co.*, 894 F. Supp. 2d 1311, 1314 (D. Or. 2012) (concluding that the appropriate procedural vehicle for adjudicating an ERISA claim under de novo review is through a bench trial based on the administrative record); *Lee v. Kaiser Found. Health Plan Long Term Disability Plan*, 812 F. Supp. 2d 1027, 1032 (N.D. Cal. 2011) ("De novo review on ERISA benefits claims is typically conducted as a bench trial under Rule 52."); *Sammons v. Regence Bluecross Blueshield of Or.*, No. 3:15-CV-01703-SI, 2016 WL 1171019, at *2 (D. Or. Mar. 23, 2016), *aff'd*, 739 F. App'x 385 (9th Cir. 2018)

---

[1] (*See* Plf. MSJ (Dkt. # 37) at 14 ("Premera's decision to deny benefits to [Lillian] should be reviewed *de novo*."); Def. MSJ (Dkt. # 33) at 10 ("[T]he *de novo* standard . . . applies here."); Plf. Resp. (Dkt. # 43) at 2 ("The parties agree that this [c]ourt should apply a de novo standard of review to assess the validity of [Lillian R.'s] need for residential treatment and Premera's responsibility to pay for that treatment.")); *see also Rorabaugh v. Cont'l Cas. Co.*, 321 F. App'x 708, 709 (9th Cir. 2009) (stating that the court may accept the parties' stipulaton to *de novo* review).

("The appropriate procedure to resolve this dispute is through a bench trial on an administrative record.")

2. Could Plaintiff Lillian R.'s continued treatment at Elevations Residential Treatment Center ("Elevations") from May 1, 2014, until her discharge on June 21, 2015, be considered medically necessary based on the sixth provision of Defendant Premera Blue Cross Blue Shield of Alaska's ("Premera") Medical Policy, which provides that residential care admission is appropriate for an adolescent where the "[p]atient has currently stabilized during [an] inpatient treatment stay for severe symptoms or behavior and requires a structured setting with continued around-the-clock behavioral care." (*See* AR (Dkt. # 36) (sealed) at 007137.) In assessing the applicability of this provision, please note that Dr. Shubu Ghosh specifically refers to "residential care" as "inpatient." (*See is* at 000404-05 ("It is my opinion that inpatient residential care was the only option for [Lillian R.] [Lillian R.] needed inpatient residential level of care.").) In addition, Premera repeatedly describes Lillian R.'s "residential care" at Elevations as "inpatient" throughout its briefing. (*See* Def. MSJ at 10 ("On January 14, 2016, MCMC upheld Premera's denial of coverage for inpatient residential treatment."), 13 ("The medical evidence offered by Plaintiffs fails to raise an issue of fact as to whether Jon's condition was at such an acute level as to require inpatient care."), 15; Def. Resp. (Dkt. # 44) at 10, 22.)

3. Specifically, the court DIRECTS the parties to consider whether or not Dr. Laura B. Brockbank's February 2014 evaluation of Lillian R. supports the conclusion that Lillian R.'s continued treatment at Elevations was medically necessary based on the sixth

provision of Premera's Medical Policy. The court DIRECTS the parties to consider this issue in light of Dr. Brockbank's strong recommendation that Lillian R. complete the program at Elevations, her recommendation that Lillian R. remain "closely monitored" given Lillian R.'s "history of running away and suicidal ideation," and her observation that "[u]nless some change can occur on the family-system level, it is unlikely that [Lillian R.] will be successful at home." (AR at 000031-32, 000427, 000429.)

Dated this 14th day of January, 2019.

JAMES L. ROBART
United States District Judge