1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   TODD R., et al.,

CASE NO. C17-1041JLR

11                              Plaintiffs,

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFFS' MOTION TO FILE
AN AMENDED COMPLAINT

12          v.

13   PREMERA BLUE CROSS BLUE
     SHIELD OF ALASKA,

14                              Defendant.

15

16

## I.   INTRODUCTION

17      Before the court is Plaintiffs Todd R., Suzanne R., and Lillian R.'s (collectively,

18   "Plaintiffs") motion for leave to file an amended complaint.  (Mot. (Dkt. # 93); Proposed

19   FAC (Dkt. # 96-1).)  Defendant Premera Blue Cross Blue Shield of Alaska ("Premera")

20   opposes the motion.  (Resp. (Dkt. # 97).)  Having considered the submissions of the

21

22

parties and the relevant law,[1] the court GRANTS in part and DENIES in part Plaintiffs'

motion to amend.

## II.   BACKGROUND

This case returns to the court after the Ninth Circuit vacated and remanded the

court's previous decision.  (Mem. From USCA (Dkt. # 88)); *Todd R. v. Premera Blue*

*Cross Blue Shield of Alaska*, 825 F. App'x 440, 441 (9th Cir. 2020) (vacating 1/30/19

Order (Dkt. # 50) and remanding).

On April 28, 2017, Plaintiffs filed this action after Premera denied coverage for

care that Lillian R. received at Elevations Resident Treatment Center.  (*See* Compl. (Dkt.

# 2).)  On January 30, 2019, the court ruled in favor of Plaintiffs based on the sixth

medical necessity factor in Premera's Medical Policy, which covers care when a

"[p]atient has currently stabilized during inpatient treatment stay for severe symptoms or

behavior and requires a structured setting with continued around-the-clock behavioral

care."  (1/30/19 Order ¶¶ 8, 11.)  On February 12, 2019, Premera filed a motion for

reconsideration.  (MFR (Dkt. # 52).)  Premera submitted several exhibits with this

motion, including documents that addressed the interpretation of certain definitions in the

Medical Policy.  (*See* Payton Decl. (Dkt. ## 53, 55 (sealed)).)  On April 30, 2019, the

court denied Premera's motion for reconsideration.  (4/30/19 Order (Dkt. # 77).)

Premera appealed (Not. of Appeal (Dkt. # 81)), and the Ninth Circuit vacated the

court's ruling and remanded, *see Todd R.*, 825 F. App'x at 441.  The Ninth Circuit found

---

[1] No party requests oral argument, and the court concludes that oral argument would not
be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

that this court had *sua sponte* developed the theory regarding the Medical Policy's sixth factor. *Id.* ("At no point below had Plaintiffs argued, or even so much as hinted, . . . that any Medical Policy factors had been satisfied.") (internal quotation marks omitted). The Ninth Circuit cited the principle of party presentation and remanded for the court to resolve "the party-presented controversy." *Id.* at 442 (citing *United States v. Sineneng-Smith*, --- U.S. ---, 140 S. Ct. 1575, 1581-82 (2020)).

After remand, the parties expressed their intent to file cross motions for judgment under Federal Rule of Civil Procedure 52. (JSR (Dkt. # 91) at 1.) The parties requested a deadline of November 6, 2020, to submit any amended pleadings, though Premera expressed that any amended pleadings would be inappropriate. (*Id.*) The court, noting that the previous deadline for amending pleadings was June 13, 2018, established a November 6, 2020, deadline for Plaintiffs to move to amend their complaint. (10/16/20 Order (Dkt. # 92).) Plaintiffs filed their motion to amend on November 6, 2020. (Mot.)

## III.   ANALYSIS

Plaintiffs seek to amend their complaint to include allegations regarding communications between Premera and Plaintiffs about Premera's medical necessity factors and the criteria Premera used to evaluate Lillian R.'s claim. (*See* Proposed FAC ¶¶ 33-38, 41-43, 45-46.) Plaintiffs also seek to include allegations that Premera did not produce key documents during the pre-litigation appeal process or during the instant litigation, despite the fact that these documents informed Premera's analysis and decision to deny coverage. (*Id.* ¶¶ 50-53.) Finally, Plaintiffs also seek to clarify the name and

pronouns of Plaintiff Lillian R.  (*See generally id.*)  The court concludes that only the final category of proposed amendments is proper.

**A.    Legal Standard**

Once the court files a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 and the deadline for amending a pleading has passed, a party's motion to amend a pleading is governed by Rule 16.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Under Rule 16, a party must show "good cause" for an amendment to justify modifying the case schedule.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Johnson*, 975 F.2d at 608.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.2d at 609.  To show "good cause" a party must show that it could not meet the deadline imposed by the scheduling order despite its diligence.  *Id.*  "[F]ailure to complete discovery within the time allowed is not recognized as good cause."  (Sched. Order (Dkt. # 26) at 2.)

If a party shows "good cause" to amend the case schedule under Rule 16, it must then demonstrate that amending the pleading at issue is proper under Rule 15.  *See Johnson*, 975 F.2d at 608; *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, No. C12-01570RSL, 2014 WL 2573290, at *2 (W.D. Wash. June 9, 2014).  Under Rule 15, the court should "freely give" leave to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Five factors are used to assess the propriety of amendment:  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading.  *Allen v. City of Beverly Hills*,

911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

## B.   Proposed Substantive Amendments

Plaintiffs contend they have established good cause because they have been diligent and only seek to amend their complaint after the court-established deadline because of Premera's late disclosure of documents related to the sixth medical necessity factor. (Mot. at 3-5.)  The court disagrees.  Premera only introduced these documents in a motion for reconsideration of the court's vacated order.  (*See* MFR; Payton Decl.)  The Ninth Circuit found that the legal rational underlying that order was not presented by the parties.  *Todd R.*, 825 F. App'x at 441 ("Even after the district court issued a scheduling order instructing the parties to address the Medical Policy's sixth factor at their hearing, Plaintiffs still did not advance the theory on which the district court relied.")  On remand, the Ninth Circuit has instructed this court to decide only the controversy presented by the parties.  *Id.* at 442 (citing *Sineneng-Smith* 140 S. Ct. at 1581-82 (remanding a case "for reconsideration shorn of the [legal arguments] interjected by the [court] and bearing a fair resemblance to the case shaped by the parties.")).

Plaintiffs may not now amend their complaint to include the theory undergirding the court's vacated order in the hope that it will then be viewed as a "party-presented" controversy.  Allowing such an amendment would render the Ninth Circuit's order meaningless.  *Cf. United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) ("The [district court] is bound by the decree as the law of the case, and must carry it into execution according to the mandate.") (*quoting In re Sanford Fork & Tool Co.*, 160 U.S.

247, 255-56 (1895).)  Premera's introduction of documents that may be relevant to this theory is not persuasive because they were only introduced in response to the court's now-vacated order.  In accordance with the Ninth Circuit's instructions, the court will rule on the controversy as presented by the Plaintiff in their complaint as it existed before the court's vacated order.  *See Todd R.*, 825 F. App'x at 442.  Thus, the court holds that, in light of the Ninth Circuit's order to rule on the party-presented controversy, Plaintiffs have failed to establish good cause for amendment under Rule 16.  To the extent that Plaintiffs' proposed amendments contain any substantive changes, Plaintiffs' motion to amend is denied.

**C.      Proposed Amendments Regarding Name and Pronouns of Lillian R.**

Plaintiffs' proposed amended complaint also clarifies the name and pronouns of Lillian R.  (*See generally* Proposed FAC.)  The court will allow these proposed amendments.  If Plaintiffs wish to file an amended complaint with these changes, and no others, they may do so no later than seven days of the issuance of this order.

## IV.    CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Plaintiffs' motion for leave to file an amended complaint (Dkt. # 93).  Plaintiffs may file

//

//

//

//

//

ORDER - 6

an amended complaint clarifying the name and pronouns of Plaintiff Lillian R. within

seven days of the issuance of this order.

Dated this 1st day of February, 2021.

JAMES L. ROBART
United States District Judge